## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TODD BEESLEY and**
**JENNIFER BEESLEY**
On Behalf of Themselves
and All Others Similarly Situated

                                 Hon.
                                 Mag.
      Plaintiff,                      Case No. 16-cv-

v.                                    **PROPOSED CLASS ACTION**

**ASSOCIATION DUES ASSURANCE**
**CORPORATION**

      Defendant.

---

### COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff**, TODD BEESLEY AND JENNIFER BEESLEY** (hereinafter referred to as "Beesley" or "Plaintiff") by and through counsel, The Law Offices of Brian P. Parker, PC, and brings this action against the above listed Defendant**, ASSOCIATION DUES ASSURANCE CORPORATION** ("ADAC" or "Defendant") on the grounds set forth herein:

### I.  PRELIMINARY STATEMENT OF THE WRONGFUL SCHEME AND PLAN OF DEFENDANT ADAC

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq. demanding a trial by jury, brings this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their

attempts to collect a debt from the Plaintiff and other Michigan Resident Condo Owners and all without meaningful attorney involvement.

2.

Defendants are publicizing private, **Condo Lien debt** information as an announced debt collector beyond the requirements of the Michigan Condominium and Foreclosure Statute in violation of Federal regulations under the FDCPA. Every computer template "Notice of Lien Foreclosure Sale" ("Foreclosure Notice" and "Lien Foreclosure Sale Notice") that Defendant ADAC publicizes:

1. that a debt collector is pursuing a Michigan homeowner whose debt is in default; and

2. shows and states the homeowner's address and that their home is for sale; and

3. states the amount claimed to be due on the date the information is publicized in a Public Notice; and

4. goes beyond the Foreclosure Statute and violates the FDCPA communicating the debt collection by exposing private, protected debt information; and

5. ignores the homeowners' right to privacy and also the regulations and protections against harassment and abusive debt collection under the FDCPA and RCPA. **See Exhibit 1 and the Notice ADAC sends out to newspapers, the internet, Detroit Legal News and county offices regarding the Plaintiff's defaulted debt and the Defendant's attempt to collect on the debt**.

**II. PARTIES**

3.

The Plaintiffs are natural persons and consumers and residents of Belleville, Macomb County, State of Michigan, and a "consumer" as defined by the FDCPA and RCPA.

4.

The Defendant ADAC is a debt collector organized as a Michigan Corporation in Saint Clair Shores, St. Clair County, State of Michigan and is a debt collector of defaulted Condominium Association debts and liens and uses newspapers, internet, county buildings and mail to communicate to the world the collection of consumer debts originally owed to others. Defendant is a debt collector under the FDCPA and regulated as a collection agency under the RCPA.

### III.  STATUES AND CASE LAW

**5**.

In *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 464 (6th Cir. 2013), the Sixth Circuit made clear that all foreclosure action is considered debt collection under the FDCPA. The court stated that "if a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." Id. at 460. *Phillip Himmelein v Federal Home Loan Mortgage Corporation, ADAC Law P.C. FKA ADAC & ADAC, P.C. and Roger A. Smith*, File No. 1:15-cv-00813 (December 31, 2015).

6.

Neither *Himmelein* or *Glazer* in the Sixth Circuit creates a carve out or exception for the Notice of Mortgage Foreclosure Sale or Lien Foreclosure Sale Notice being anything but debt collection and part of the foreclosure process.

7.

In fact, on November 10, 2016, a Court in the Western District of Michigan denied a Defendant's Motion to dismiss in the same facts as here and found that "Defendant published the notice of sale for the very purpose of obtaining payment on the underlying debt through Michigan's foreclosure by advertisement statute, so it was a communication made in connection with the collection of a debt." ***Gray v Trott & Trott, PC*, Case #16-cv-00237**.

8.

"First, the Court relied upon *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453 (6th Cir. 2013) to reach the conclusion that the notice of sale was a communication made for the purpose of obtaining payment on the underlying debt." ***Gray v Trott & Trott, P.C.*** **Case Number #16-00237 W.D.Mich. (January 19, 2016)**.

9.

"Compliance with state law is not a complete defense to FDCPA liability in the context of foreclosure sales. Even if the Notices were intended to comply with Michigan's law regarding foreclosure by advertisement, the ultimate utility of the Notices was as a means to obtain payment on the underlying mortgage debt." ***Salewske v Trott & Trott, PC***, **Case #16-cv-13326**.

## THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

10.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

11.

"In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e, forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer v. Chase*

*Home Finance LLC*, 704 F. 3d 453. *See Goodrow v. Friedman & MacFadye*n, P.A., 788 F. Supp. 2d 464, 471 (E.D.Va. 2011) ("[A] debt collector must comply with the FDCPA while complying with a state foreclosure law."); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 (2d Cir. 1998). "It is the provisions of the FDCPA that by and of themselves determine what debt collection activities are improper under federal law." *Romea* at 119.

12.

Under Michigan's Condominium Foreclosure Statute at MCL 559.208 mirroring MCL 600.3212 by reference in the Condominium Act, every notice of foreclosure by advertisement shall include all the following:

(3) A foreclosure proceeding may not be commenced without recordation and service of notice of lien in accordance with the following:

(a) Notice of lien shall set forth all of the following:

(i) The legal description of the condominium unit or condominium units to which the lien attaches.

(ii) The name of the co-owner of record.

(iii) The amounts due the association of co-owners at the date of the notice, exclusive of interest, costs, attorney fees, and future assessments.

(b) The notice of lien shall be in recordable form, executed by an authorized representative of the association of co-owners and may contain other information that the association of co-owners considers appropriate.

(c) The notice of lien shall be recorded in the office of register of deeds in the county in which the condominium project is located and shall be served upon the delinquent co-owner by first-class mail, postage prepaid, addressed to the last known address of the co-owner at least 10 days in advance of commencement of the foreclosure proceeding.

(a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.

(b) The date of the mortgage and the date the mortgage was recorded.

(c) The amount claimed to be due on the mortgage on the date of the notice.

(d) A description of the mortgaged premises that substantially conforms with the description contained in the mortgage.

(e) For a mortgage executed on or after January 1, 1965, the length of the redemption period as determined under section 3240.

(f) A statement that if the property is sold at a foreclosure sale under this chapter, under section 3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

13.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

14.

The FDCPA applies to lawyers like ADAC regularly engage in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Schroyer v. Frankel*, 197 F.3d 1170, 1173-74 (6th Cir. 1999); *See also Kistner*, 518 F.3d 433 (the law firm's owner may also be individually liable).

15.

In *Heintz v. Jenkins,* the Supreme Court refused to defer to the FTC commentaries. *Heintz* addressed the FTC's purported exclusion from FDCPA coverage of attorneys engaged in "legal activities" as opposed to those engaged in "debt collection activities." Rejecting this exclusion, the Supreme Court noted that the commentaries themselves state that they are "not binding on the Commission or the public." *Heintz v. Jenkins*, 514 U.S. 291, 298 (1995).

16.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3). Plaintiff is a consumer.

17.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5). The condo lien debt here is a "debt" under the FDCPA.

18.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendant is a debt collector under the law and by its own admission in its Foreclosure Notice of Mortgagee Sale at **Exhibit 1**.

19.

Under 15 U.S.C. § 1692a (2), the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. Defendant ADAC are communicating the Plaintiffs' debt information to the general public through the Notices at **Exhibit 1 and 5**. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453. *Phillip Himmelein v Federal Home Loan Mortgage Corporation, ADAC Law P.C. FKA ADAC & ADAC, P.C. and Roger A. Smith*, File No. 1:15-cv-00813 (December 31, 2015).

20.

The Defendants are debt collectors of defaulted condo liens engaged in the business of collecting of consumer debts originally owed to others. See *Glazer v. Chase Home Finance LLC*,

704 F. 3d 453.

21.

Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692c(b):

(b) COMMUNICATION WITH THIRD PARTIES.  Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, ***a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector***.

22.

The FDCPA states at 15 U.S.C. § 1692d that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(**4**) The advertisement for sale of any debt to coerce payment of the debt.

23.

It is a violation of 15 U.S.C. § 1692d (4) for a debt collectors like ADAC to advertise the sale of any debt to coerce payment of the debt. In violation of the FDCPA and as a debt collector, ADAC is communicating to the world and the State of Michigan, the private names and defaulted, debt information in every Notice of Foreclosure Sale it publicizes in the Notice information not required by the Michigan Condominium or Mortgage Foreclosure Statute.

24.

By its express terms, § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." (Emphasis added). We have interpreted this to mean that "any person who has been harmed by a proscribed debt collection practice under § **1692d** ... [may] sue for damages under § 1692k(a)(2)(A)." *Montgomery v. Huntington Bank*, 346 F.3d 693,

697 (Court of Appeals, 6th Cir. 2003).

25.

Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. "A debt collector violates § 1692e, put simply, if the collection practice that he uses has

the tendency to confuse the least sophisticated consumer." *Gillie v. Law Office of Eric A. Jones,*

*LLC*, 785 F.3d 1091, 1106 (6th Cir. 2015) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d

324, 329 (6th Cir. 2006)), rev'd on other grounds sub nom. *Sheriff v. Gillie*, 136 S. Ct. 1594

(2016).

26.

When there is a conflict in the protections offered to a consumer in a Michigan Statute and

the Federal Statute, the FDCPA states that the debt collector must follow the Federal Statute when

it offers greater protections than the conflicting State Statute:

**§ 816.  Relation to State laws [15 USC 1692n]**
This title does not annul, alter, or affect, or exempt any person subject to the provisions of this
title from complying with the laws of any State with respect to debt collection practices, except
to the extent that those laws are inconsistent with any provision of this title, and then only to the
extent of the inconsistency. For purposes of this section, ***a State law is not inconsistent with this***
***title if the protection such law affords any consumer is greater than the protection provided by***
***this title.***

27.

Article VI of the Constitution of the United States provides:

This Constitution, and the laws of the United States which shall be made in pursuance

thereof; and all treaties made, or which shall be made, under the authority of the United States,

shall be the supreme law of the land; and the judges in every state shall be bound thereby,

anything in the constitution or laws of any state to the contrary notwithstanding. U.S. Const. art.

VI, cl. 2.

28.

Under 15 U.S.C.§ 1692n, the FDCPA does not preempt state laws unless and only to the extent "those laws are inconsistent with any provisions of this subchapter." Importantly, a state law is not "inconsistent" with the FDCPA "if the protection such law affords any consumer is greater than the protection provided by this subchapter." Accordingly, only state laws which make it impossible to comply with both state and federal law (*Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142-43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963)), such as where state law requires conduct prohibited by federal law, are preempted.

29.

Where there is "conflict preemption," which is "where state law `stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" embodied by the federal law, *(Gade v. National Solid Wastes,* 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992)), `[t]he purpose of Congress is the ultimate touchstone.'" *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

30.

The FDCPA preempts state law only when those laws are "inconsistent with any provisions of this subchapter." "A State law is not inconsistent with [the FDCPA] if the protection such law affords any consumer is greater than the protection provided by this subchapter." See *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987).

**REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)**

31.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

32.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes. Defendants are third party debt collectors/agencies and attorneys seeking the payment of money for a creditor client based on original obligations between Plaintiff class members and the original obligors in the County of Genesee and the State of Michigan.

33.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been

employed to collect or repossess the claim. Defendant ADAC is operating in Macomb County and throughout the State of Michigan as "collection agencies" under the RCPA.

34.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium. Defendants are communicating with Michigan consumers through letters and Public Mortgage Lien Foreclosure Sale Notices.

35.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. Plaintiff is a consumer under the RCPA.

36.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

37.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant ADAC is a regulated person under § 445.251(g)(xi),

38.

The MCPA's reference to "[a]n attorney handling claims and collections on behalf of a client and in the attorney's own name," Mich. Comp. Laws § 445.251(g)(xi), is better understood as encompassing *both* attorneys who handle claims and collections on behalf of a client *and* attorneys who seek to collect a debt owed to themselves or their firms. *Misleh v.*

*Timothy E. Baxter & Associates*, 786 F. Supp. 2d 1330 - Dist. Court, ED Michigan 2011.

39.

The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Beesley P.C.*, *No. 07-12016-BC, 2007 WL 4326825, at \*5 (E.D. Mich. Dec. 10, 2007* (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692 of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

40.

The Plaintiff, on behalf of himself and all others similarly situated, seeks ACTUAL DAMAGES, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court in a Class Action context, pursuant to the FDCPA and the RCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated requests that he and the class members be awarded:

 a. Their Actual Damages suffered by the wrongful foreclosure notices and breach of privacy collecting and publicizing his lien foreclosure debt using **Exhibit 1**,

 b. Injunctive Relief stopping Defendants from continuing their plan and scheme through Notices such as **Exhibit 1**,

 c. Statutory damages and their attorney fees and costs under the FDCPA and RCPA.

### IV. JURISDICTION AND VENUE

41.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. §

1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Supplemental jurisdiction for Plaintiff's state

law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008

(E.D. Mich. Oct. 7, 2015).

42.

The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim

and this district court has "supplemental jurisdiction over all other claims that are so related to the

claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

43.

Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202. Venue is

appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the

events giving rise to Plaintiff's claims occurred within this federal judicial district, and because

each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this

action is commenced. There is nothing unique or novel about Plaintiff's state claims.

## V. FACTUAL ALLEGATIONS

44.

Defendant ADAC advertises its firm as being legal experts in all aspects of condominium

and association law and as a Collection Agency:

# Association Dues Assurance Corporation (ADAC)

ADAC is the Nation's leading Collection Agency specifically created to handle
Condominium and Home Owners delinquent Association Dues Collections.    We are the
smart choice because...
## WE DON'T COLLECT OUR FEES UNTIL YOU ARE BEING PAID!*
**Please see Exhibit 3**.

45.

On May 24, 2017, Plaintiffs received a collection letter from ADAC advising Mr. and Mrs. Beesley that they had 30 days to pay $2,944.04 or ADAC and Belle Pointe Estates Condominium Association Inc. would go forward with a foreclosure of the lien on the condo Plaintiff's resided in. **Please see Exhibit 4**.

46.

In the *pre-publication* stage of foreclosure, the notice at **Exhibit 4** provides Plaintiff information that ADAC is a debt collector, attempting to collect on a debt. The letter was accompanied by a Pending Condominium Lien Pursuant to MCLA 559.208. The letter provided an attached breakdown of the costs and fees ADAC was charging Plaintiffs "pre-foreclosure."

47.

Defendant ADAC sent dunning letters at **Exhibit 4** as a debt collector as defined by 15 U.S.C. § 1692a (6). The Letter at **Exhibit 4** was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

48.

The next part of the foreclosure process after ADAC sends out the initial dunning letters is the *publication* stage where ADAC advertises the Notice of Lien Foreclosure Sale at **Exhibit 5**. This communication and Notice is placed in local newspapers, the internet, county buildings and the Detroit Legal News and made after the initial communication at **Exhibit 1** under Section 1692e (11) of the 'FDCPA.

49.

The public is informed that the Beesley family, owes a debt to a debt collector, ***the amount is publicized and with a due date***, the address of the home is publicized and the fact that the Plaintiffs have "defaulted on the payments of certain assessments" as evidenced by a lien on the

property is publicized in violation of the FDCPA and beyond any requirements of the Michigan Foreclosure Statute. The Notice is placed in local newspapers, county buildings and the Detroit Legal News for publication from March 31, 2017 to April 28, 2017. **See Notices at Exhibit 1 that a Sheriff Sale of the Condo is to occur on August 31, 2017 and that a Public Lien has been place in the Register of Deeds Office with the debt collection information at Exhibit 5**.

50.

Further and in violation of Plaintiff and the Class Members right to privacy and rights under the FDCPA and RCPA, the Notice of Mortgage Foreclosure Sale and Plaintiffs' private debt information was placed in newspapers across the county of Macomb, in the Detroit Legal News, the internet and county buildings from July 25, 2017 through August 15, 2017. **Please see Exhibit 1 and Plaintiffs' Affidavit at Exhibit 6**.

51.

In the Lien Foreclosure Notice publicized in the press, county buildings and the Detroit Legal News, the Defendants publicize in large letters that, "THIS FRIM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE ONLY. PLEASE CONTACT THIS OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY. LIEN FORECLOSURE SALE" Please see **Exhibit 1 and 5**.

52.

Further, the Defendants' written communications in the form attached as **Exhibit 1 and Exhibit 5** are false, deceptive, and misleading in that the publicize private debt information of consumers generally and these Plaintiffs specifically beyond anything that is required under the Michigan Foreclosure Statutes in violation of 15 U.S.C. §§1692e and 1692e (10).

53.

There is no requirement under Michigan's Foreclosure Statute at MCLA 600.3212 or MCL 559.208 that the Foreclosure Notice must contain information that the debt is being collected by a debt collector or that any information obtained will be used for debt collection.

54.

In breach of the Beesley Family's right to privacy specifically and the class members right to privacy in general, the Notice at **<u>Exhibit 1 and 5</u>** provides information to the anyone reading it that Plaintiffs or any other class member is in Default of their Condo Association financial responsibilities and owe money to a debt collector (WRITTEN IN BOLD LETTERS).

55.

There is no requirement under Michigan's Foreclosure Statute at MCLA 600.3212 or MCL 559.208 that the notice must contain information about the homeowner or debtor being in default on their obligations.

56.

Contrary to the strict prohibitions of the FDCPA at 15 U.S.C. § 1692d, the Foreclosure Notice at **<u>Exhibit 1 and 5</u>** provides information to the public of the address of the homeowner that is in default of payments of certain assessments that are not required by Michigan Statute.

57.

Contrary to the strict prohibitions of the FDCPA at 15 U.S.C. § 1692e (6) and 15 USC 1692(a), the Foreclosure Notice at **<u>Exhibit 2</u>** breaches the Michigan homeowners' right to privacy and provides private defaulted debt information to the public in violation of 15 U.S.C. § 1692c(b), that Plaintiff is being pursued by a debt collector and that she is in default on a debt even though that is not required to be stated by Michigan Statute.

58.

There is no compelling or legal reason or Michigan Statue justification that requires the

ADAC defendant to publicize that the Beesley family is in default on a condo debt and that they are being pursued by an Attorney debt collector collecting upon a debt or place the Beesleys' address in the Public Notice in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692c(b). Please see **Exhibit 6** showing how the Plaintiffs are damaged.

59.

Further, the private information that ADAC is placing in public view is false, misleading and deceptive in that ADAC is falsely representing that it is only providing the debt information to conform with the Michigan Foreclosure or Condominium Statute.

60.

As the Michigan Foreclosure Statute under MCLA 600.3212 or MCL 559.208 directly conflicts with the regulations of federal law, it is preempted by the protections codified under the FDCPA.   "Compliance with state law is not a complete defense to FDCPA liability in the context of foreclosure sales. Even if the Notices were intended to comply with Michigan's law regarding foreclosure by advertisement, the ultimate utility of the Notices was as a means to obtain payment on the underlying mortgage debt." *Salewske v Trott & Trott, PC*, **Case #16-cv-13326**. ("[A] debt collector must comply with the FDCPA while complying with a state foreclosure law."); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 (2d Cir. 1998). "It is the provisions of the FDCPA that by and of themselves determine what debt collection activities are improper under federal law." *Romea* at 119.

61.

Foreclosure activity under *Glazer* is considered debt collection for the purpose of obtaining payment through the advertised foreclosure sale.  "Whether through reinstatement or less directly through foreclosure sale and recovery of the proceeds, "[t]here can be no serious doubt that the ultimate purpose of [this] foreclosure is the payment of money. *Glazer* at 463.

62.

Similar to the facts and law plead in this case, a Federal Court in Western Michigan has ruled on this issue stating that "Defendant published the notice of sale for the very purpose of obtaining payment on the underlying debt through Michigan's foreclosure by advertisement statute, so it was a communication made in connection with the collection of a debt." *Gray v Trott & Trott, P.C.* Case Number #16-00237 W.D. (November 10, 2016).

63.

Defendant ADAC knows it is collecting on a debt in **Exhibit 1**. Under 15 U.S.C. §§ 1692e (11), The mini Miranda is only required to be placed on "*subsequent communications that the communication is from a debt collector.*" ADAC was aware that the publicizing of the Foreclosure Notice at **Exhibit 1** was debt collection as it followed 15 U.S.C. §§ 1692e (11) by placing the mini Miranda on the Foreclosure Notice: THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

64.

Plaintiffs are informed and believe, and on that basis allege that the Defendants have a policy and practice of publicizing to the world and the public in the State of Michigan, private debt collection information of homeowners in default of their condo lien debts without any regard to Applicable Federal law and the homeowner's right not to have their debts published to third parties in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692c(b), 15 U.S.C. §§ 1692d (4), and 15 U.S.C. §§ 1692e (6).

65.

Plaintiff is informed and believes based upon the information from **Exhibit 1 and Exhibit, 5** that Defendants operate a collection agency collecting Condo Lien Debt under the FDCPA and RCPA. In pursuing Condo Lien debts through the newspapers, Detroit legal news and posting in public places, Defendants are advertising communication of collection of debt through a sheriff sale for the sale of the homes of homeowners in Michigan to force payment on the underlying debt in violation of the RCPA and FDCPA. *Glazer v. Chase Home Finance LLC*, 704 F.3d 453.

66.

Defendants threaten homeowners with the fear of the Sherriff Sale in its letters (**Exhibit 4**) as a means to have the homeowners "pre-foreclosure" costs, charges and attorney fees that are not supported in law or by the Association agreement in violation of the FDCPA and RCPA. U.S.C. §§ 1692e(2)(A), (B), MCLA 445.252(e) and MCLA 445.252(n).

## VI. CLASS ACTION ALLEGATIONS

67.

Plaintiff realleges the above pleadings. The FDCPA Class consists of all persons that have received collection letters and Public Foreclosure Notices at **Exhibit 1, 4, and 5** with their name and address, Condo debt and the amount of the Condo debt in default owed and DUE and published inside a Lien Foreclosure Notice of Sale and published in newspapers, county buildings and the internet in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692c(b), 15 USC 1692e (6), 15 U.S.C. §§ 1692e(2)(A), (B) and 15 U.S.C. §§ 1692d (4) within a one year period prior to the filing of this lawsuit.

68.

With the FDCPA Class, there are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendant's conduct in connection with the Publicizing

that a homeowner owes a Condo, the amount, their address and that a debt collector is involved in a Lien Foreclosure Sale violates the FDCPA.

69.

A FDCPA *sub class* would be all homeowners with a Michigan address that have paid a condo lien debt to Defendant ADAC for excessive and increased collection attorney fees and costs with the threat of the Sheriff Sale.  **Please see Exhibit 4**.

70.

There are no individual questions here. All Michigan homeowners with defaulted debt are having their Condo Lien default placed out in the open for the world to see in violation of the FDCPA.

71.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained counsel experienced in litigating the FDCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

72.

The RCPA Class consists of all persons with a Michigan address that were pursued for a Condo Lien debt by a collection agency and attorneys through collection attempts (**Exhibit 1, 4 and 5**) involvement and who publicize the Michigan class homeowners defaulted condo debt in newspapers, in county buildings, the internet and in the Detroit Legal News to sell the underlying debt in violation of MCLA 445.252(a), MCLA 445.252(e), MCLA 445.252(f), MCLA 445.252(d), MCLA 445.252(n), MCLA 445.252(m) and MCLA 445.252(q) during the six year period immediately preceding the filing of this complaint and the date of class certification.

73.

The RCPA *sub class* would be all homeowners with a Michigan address that have paid a condo lien debt to Defendant ADAC for excessive and increased collection costs requested with the threat of a Sheriff Sale. **Please see Exhibit 4**.

74.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in collection attempts publicize the mortgage debt default of Michigan homeowners in violation of the RCPA

75.

There are no individual questions, other than whether the RCPA class members received one of the offending letters or Public Lien Foreclosure Sale Notices (**Exhibit 1 and 5**), which can be determined by a ministerial inspection of the records and collection notes of Defendants.

76.

Plaintiff will fairly and adequately protect the interests of the RCPA class. Plaintiff is committed to vigorously litigating this matter. She is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained counsel experienced in litigating the RCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests, which might cause them to not vigorously pursue this claim.

77.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

78.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who sued by Defendants undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are small but illegal percentages of fees and costs. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

79.

Certification of each class is appropriate because:

(a)the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately assert and protect the interests of the class; and (e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

80.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant questions are:

  a.  Whether  Defendants  had  a  practice  of  publicizing  the homeowner's private debt information while notifying the world the homeowners are in default and pursued by debt collectors.

  b.  Whether  Defendants  wrote  letters  to  Michigan  homeowners

with demands for excessive fees and costs with the threat of a
Sheriff Sale.

c.  Whether Defendants publicized the private debt information of
Michigan class members in newspapers, county buildings and
the internet.

d.  Whether doing the above violated the FDCPA and RCPA.

81.

Certification of each class also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class.

82.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a)    The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

83.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

84.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

85.

Plaintiffs seek specific Actual and Statutory damages each member suffered and Declaratory and Injunctive Relief from the Court Ordering that this practice above of Defendant be stopped and that the collection practice of Defendants be Regulated to prevent Michigan

residents being subject to illegal debt collection practices of Defendant ADAC.

## VII. CLAIMS FOR RELIEF

RCPA CLASS ALLEGATIONS FOR ACTUAL DAMAGES AND INJUNCTIVE RELIEF

86.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a.     Defendants violated MCLA 445.252(a) by communicating with Plaintiff and class members in a deceptive manner using the threat of a Sheriff Sale if a demand for excessive fees and costs pre-foreclosure is not paid by Plaintiff and class members with (*Exhibit 4*) as mentioned above; and

b.     Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (*Exhibit 1, 4 and 5*) as mentioned above; and

c.     Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at ((*Exhibit 4*); and

d.     Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i)     The legal status of a legal action being taken or threatened.

(ii)     The legal rights of the creditor or debtor; and

e.     Defendants violated MCLA 445.252(d) by using forms that may otherwise induce the belief that they have judicial or official sanction is involved such as (*Exhibit 1, 4 and 5*);.and

f.      Defendant violated MCLA 445.252(a) by communicating with a debtor in a misleading and deceptive manner with forms such as (*Exhibit 1 4 and 5)*; and

g.      Defendants violated MCLA 445.252(m) by bringing the private debt information of Michigan Residents into the public view through newspapers, county building and internet publication with *Exhibit 1 and 5*; and

h.      Defendants violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee with forms and practices involving (*Exhibit 1, 4 and 5*).

Wherefore, Plaintiff seeks judgment and INJUNCTIVE RELIEF against Defendants for:

a.      Actual damages based on the illegal interests and costs Defendants charged of each Plaintiff, pursuant to M.C.L. 445.257 ((1). Triple Actual damages if the Court finds Defendants' scheme and plan alleged above as willful non-compliance. M.C.L. 445.257(2). **Please see Exhibit 6**. and

b.      Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1) to stop the plan and scheme of defendants as alleged above; and

c.      INJUNCTIVE RELIEF to stop the practice of publicizing Michigan homeowners' private debt information being publicized by debt collectors; and

d.      Reasonable attorney's fees and court cost pursuant to M.C.L.445.257(2) with judicial sanction and Injunctive Relief.

FDCPA RECOVERY CLAIMS FOR RELIEF AND DAMAGES (EXHIBIT 6)

87.

Defendants violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.      Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading

representations and means in connection with the collection or attempted collection of a Condo Lien debt using the communications at (*Exhibit 1, 4 and 5*) without meaningful attorney involvement as stated above; and

b.     Defendants collected on the debt and violated 15 U.S.C. 1692d with conduct described above that harasses and abuses a homeowner in connection with collecting the Condo Lien debt through (*Exhibit 1, 4 and 5*) in publicizing private debt information with a threat of foreclosure; and

c.     The Defendants communicated to third parties and the world in publishing foreclosure sale notices with the Condo Lien debt amount, the homeowner's name and address and that she is in default through (*Exhibit 1 and 5*) in violation of 15 U.S.C. §1692c(b); and

d.     Defendants violated 15 USC 1692e (6) with the false representation or implication that the Notice of Foreclosure Sale in (*Exhibit 1 and 5*) allows the debt collector to violate the FDCPA; and

e.     Defendants violated 15 U.S.C. 1692d (4) by publishing that the sale of the Condo Lien debt to the world and the State of Michigan using (*Exhibit 1 and 5)* as mentioned above to secure payment of the excessive attorney fees and costs amount charged by Defendant ADAC; and

f.     Defendants violated 15 U.S.C. 1692e(2)(A) and (B) though use of publishing that the sale of the Condo Lien debt to the world and the State of Michigan using **Exhibit 1 and Exhibit 5**.; and

g.     Defendants violated 15 U.S.C. 1692e (10) as mentioned above and by publishing that the sale of the mortgage debt to the world and the State of Michigan using (*Exhibit 1 and 5*) as mentioned above to secure payment of the amount charged by Defendant ADAC.

2:17-cv-12522-AJT-EAS    Doc # 1    Filed 08/03/17    Pg 29 of 29    Pg ID 29

Wherefore, Plaintiff seeks judgment against Defendant for:

a.      Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.      Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.      Such further relief as the court deems just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

August 3, 2017

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff and Plaintiff Class Members